WILL M. YAMADA, ESQ. (SBN 226669)
KATHLEEN N. MASTAGNI, ESQ. (SBN 244298)
**MASTAGNI, HOLSTEDT, AMICK,**
**MILLER, JOHNSEN & UHRHAMMER**
*A Professional Corporation*
1912 I Street
Sacramento, California 95814
Telephone:   (916) 446-4692
Facsimile:   (916) 447-4614

Attorney for Petitioner,
Sugar Workers Union Local No. 1

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUGAR WORKERS UNION LOCAL NO. 1,<br><br>Petitioner,<br><br>C & H SUGAR COMPANY,<br><br>Respondent. | No.<br><br>**PETITION TO COMPEL ARBITRATION**<br><br>[Code of Civil Procedure §§ 1281 et seq.; 29 United States Code § 152, et seq.]<br><br>Date:<br>Time:<br>Dept:<br>Judge: |

TO THE HONORABLE UNITED STATES DISTRICT COURT, NORTHERN DISTRICT OF CALIFORNIA:

The Petition for an Order Compelling Arbitration respectfully shows:

1.   Sugar Workers Union Local No. 1 (hereinafter "Petitioner") is, and at all times mentioned herein was, a labor organization as defined under 29 U.S.C.A. § 152(5) of the National Labor Relations Act. Petitioner exists in part for the purpose of providing standards of wages, hours, and working conditions, and negotiating and executing collective bargaining agreements on behalf of employees in an appropriate collective bargaining unit.

///

///

2. C & H Sugar Company (hereinafter "Respondent") is a corporation in an industry affecting commerce within the meaning of § 301 of the Labor Management Relations Act and is incorporated in, and doing business principally in the City of Crockett, County of Contra Costa, California and employs members of Petitioner.

3. This action is brought pursuant to 29 U.S.C. § 185 and accordingly, this Court has original Subject Matter Jurisdiction of this Case pursuant to 28 U.S.C.A. § 1337.

4. At all times material herein, Petitioner and Respondent have been parties to a written collective bargaining agreement to which each of the parties is bound. The agreement includes a grievance procedure which includes binding arbitration.

5. On or about May 2, 2007, Petitioner's business agent Lawrence Ross learned Respondent had placed Ted Kirkpatrick a Sugar Worker Union member on indefinite unpaid suspension. Ross learned of Kirkpatrick's suspension while attending a meeting with Respondent's human resources manager, Kyle Stradleigh and Kirkpatrick. During the meeting, Ross asked Stradleigh to explain the reason for the suspension. Stradleigh refused to disclose the reason for Kirkpatrick's disciplinary lay-off.

6. On or about May 11, 2007, Ross grieved the unpaid suspension of Kirkpatrick. The written grievance claimed the unpaid disciplinary lay-off was unfair and requested that Kirkpatrick be reinstated to work and awarded back pay.

7. On or about May 15, 2007, Ross, Ed Cummins the union President, and Jim Dudley the Respondent's plant manager, had a grievance meeting regarding Kirkpatrick's unpaid suspension. Petitioner requested Kirkpatrick be reinstated immediately and be given back pay for the days he was suspended without pay.

8. Dudley informed Petitioners that Respondent decided to return Kirkpatrick to work immediately and award him back pay for the days he was suspended without pay from May 2, 2007 through May 15, 2007. Ross sent Dudley a letter confirming this conversation.

9. On or about May 16, 2007, Kirkpatrick returned to work. Respondent did not pay Kirkpatrick back pay for the days he was suspended.

///

MASTAGNI, HOLSTEDT, AMICK,
MILLER, JOHNSEN & UHRHAMMER
A PROFESSIONAL CORPORATION
1912 I STREET
SACRAMENTO, CALIFORNIA 95814

-2-

10. On or about May 17, 2007, Ross and Cummins met with Stradleigh and Dudley for a labor/management meeting. Petitioner requested to know why Kirkpatrick was suspended without any written notice or explanation. Stradeigh claimed he provided Kirkpatrick with a written notice and explanation, as well as Kirkpatrick's supervisor, Maribel Peters. Petitioner requested a copy of the alleged notice. Stradleigh refused to provide Petitioner with a copy.

11. On or about May 23, 2007, Petitioner filed a written grievance letter with the Respondent's human resources department because Kirkpatrick returned to work but was not given back pay. The grievance letter claimed Kirkpatrick should receive back pay and requested Petitioner be provided a copy of the notice of suspension letter. Stradleigh refused to provide the Union with a copy of this letter.

12. Respondent failed to respond to Petitioner's written grievance and request for back pay.

13. On or about May 31, 2007, Petitioner sent Respondent a written letter asking that the grievance be moved to arbitration since the Respondent refused to take any action.

14. On or about June 1, 2007, Respondent sent Petitioner a letter refusing to go to arbitration over Kirkpatrick's suspension.

15. From May 2, 2007 though the present, a dispute has existed over the interpretation and/or application of the collective bargaining agreement and there has been and continues to be a grievance pending for the unpaid disciplinary lay off of Kirkpatrick.

16. Section XX of the collective bargaining agreement provides for a grievance procedure wherein the parties are bound to submit all unresolved disputes to an arbitrator empowered to make final and binding decisions.

17. Since May 11, 2007 and continuing to the present, Petitioner followed the grievance procedure with respect to the Kirkpatrick grievance. The final step of the grievance procedure is binding arbitration. Respondent has refused and continues to refuse to submit the outstanding dispute to arbitration as required by the collective bargaining agreement.

**WHEREFORE**, Petitioner prays that an Order of this Court be made pursuant to the provisions of Code of Civil Procedure Section 1281, et seq.; 29 United States Code 152, et seq.,

MASTAGNI, HOLSTEDT, AMICK,
MILLER, JOHNSEN & UHRHAMMER
A PROFESSIONAL CORPORATION
1912 I STREET
SACRAMENTO, CALIFORNIA 95814

-3-

1  ordering Respondent to submit the outstanding disputes to the arbitration procedures set forth in the
2  provisions of the collective bargaining agreement.  Furthermore, Petitioner requests reasonable
3  attorneys fees; costs; and such other and further relief as the Court deems just and proper.

5  Dated: June 20, 2007                          **MASTAGNI, HOLSTEDT, AMICK,**
                                                 **MILLER, JOHNSEN & UHRHAMMER**

                                                 By: _____
                                                     WILL M. YAMADA
                                                     Attorney for Petitioner

MASTAGNI, HOLSTEDT, AMICK,
MILLER, JOHNSEN & UHRHAMMER
A PROFESSIONAL CORPORATION
1912 I STREET
SACRAMENTO, CALIFORNIA 95814

-4-