1  SEYFARTH SHAW LLP
   G. Daniel Newland (SBN 087965) dnewland@seyfarth.com
2  Jennifer P. Svanfeldt (SBN 233248) jsvanfeldt@seyfarth.com
   560 Mission Street, Suite 3100
3  San Francisco, California 94105
   Telephone: (415) 397-2823
4  Facsimile: (415) 397-8549

5  Attorneys for Petitioner
   C&H SUGAR COMPANY, INC.

6

7

8                    UNITED STATES DISTRICT COURT

9         IN AND FOR THE NORTHERN DISTRICT OF CALIFORNIA

10 SUGAR WORKERS UNION LOCAL NO. 1,  )   Case No. C 07-3310 EMC
                                      )
11            Petitioner,             )   **DEFENDANT C&H SUGAR**
                                      )   **COMPANY, INC.'S ANSWER TO**
12     v.                             )   **PETITION TO COMPEL**
                                      )   **ARBITRATION**
13 C&H SUGAR COMPANY, INC.,           )
                                      )
14            Respondent.             )
                                      )
15 _____)

16       Defendant C&H Sugar Company, Inc. ("C&H" or "Defendant") hereby responds to

17 Plaintiff Sugar Workers Union, Local No. 1's ("Union" or "Plaintiff") Petition to Compel

18 Arbitration ("Petition"). Any allegation of the Petition not specifically admitted herein is denied.

19                   **PARTIES AND JURISDICTION**

20       1.      Defendant admits that Plaintiff is a labor organization as defined under 29

21 U.S.C.A. § 152(5) of the National Labor Relations Act. Defendant has insufficient information

22 to admit or deny the Union's alleged existence for the purpose of providing standards of wages,

23 hours, and working conditions, but admits that it exists in part to negotiate and execute collective

24 bargaining agreements on behalf of employees in an appropriate collective bargaining suit.

25 Except as specifically admitted and denied herein, Defendant denies each and every remaining

26 allegation set forth in Paragraph 1 of the Petition.

27       2.      Defendant admits that it is a corporation in an industry affecting commerce within

28 the meaning of § 301 of the Labor Management Relations Act. Defendant denies that it is

                                    1

Defendant C&H Sugar Company, Inc.'s Answer to Petition to Compel Arbitration/
Case No. C 07-3310 EMC

1 │ incorporated in the City of Crockett, County of Contra Costa, California. Defendant avers that it

2 │ is a Delaware Corporation, with its principal production facility in Crockett, California.

3 │ Defendant further avers that no such "City of Crockett" exists. Defendant admits that it employs

4 │ members of the Union. Except as specifically admitted, denied, and/or averred to herein,

5 │ Defendant denies each and every remaining allegation set forth in Paragraph 2 of the Petition.

6 │         3.      Defendant admits the allegations in Paragraph 3 of the Petition.

7 │         4.      Defendant admits that it was a party to a written Collective Bargaining Agreement

8 │ ("CBA") between the Union and Defendant. Defendant also admits that the CBA includes a

9 │ multi-step Grievance Procedure. Defendant avers that said CBA expired on May 31, 2006.

10 │ Accordingly, Defendant avers that the Union has failed to allege the existence of a currently

11 │ applicable contract. Defendant further avers that the parties negotiated concerning a subsequent

12 │ CBA, scheduled to expire on June 30, 2009, but avers that Plaintiff has declined to execute this

13 │ CBA.  Except as specifically admitted and/or averred to herein, Defendant denies each and

14 │ every remaining allegation set forth in Paragraph 4 of the Petition.

15 │         5.      Defendant admits the allegations in Paragraph 5 of the Petition, and further avers

16 │ that Steve Shimel ("Shimel"), Security Manager, also was present at the May 2, 2007 meeting

17 │ with Union Business Agent Lawrence Ross ("Ross"), Kyle Stradleigh ("Stradleigh"), C&H

18 │ Human Resources Manager, and Ted Kirkpatrick ("Kirkpatrick"), an hourly Union employee.

19 │ Defendant avers the following facts:  On or around May 2, 2007, Kirkpatrick yielded an open

20 │ buck knife, with arm extended, at Mike Poirier ("Poirier"), C&H Safety Manager on C&H

21 │ property.  Poireir interpreted this as an act of intimidation since he had disciplined Kirkpatrick on

22 │ various occasions in the last few months.  Kirkpatrick asked Poireir whether he was "allowed" to

23 │ have such a knife on C&H property, and in response, Poireir referred Kirkpatrick to the C&H

24 │ Security Department.  After lunch that same day, Poirier asked Shimel whether Kirkpatrick had

25 │ indeed referred his question regarding the buck knife to the Security Department, to which

26 │ Shimel responded he had not.  At a subsequent meeting with Stradleigh, Shimel and the C&H

27 │ Director of Security Chris Mark ("Mark"), Kirkpatrick refused the presence of a Shop Steward

28 │ and denied intimidating Poireir with his buck knife.  Kirkpatrick claimed he had been informed

2

Defendant C&H Sugar Company, Inc.'s Answer to Petition to Compel Arbitration/
Case No. C 07-3310 EMC

1  that Poirier was concerned about employees' possession of knives on company property, but

2  refused to tell Defendant who had given him this misinformation.  Kirkpatrick also claimed he

3  needed the knife because C&H knives were too dull.   That same day, Defendant recited the

4  incident to Union Business Agent Ross in Kirkpatrick's presence, and informed Ross and

5  Kirkpatrick that Defendant was suspending Kirkpatrick, without pay, for engaging in harassment

6  and a threatening and intimidating act towards Poirier, which was a violation of company policy.

7  Ross was present when Defendant informed Kirkpatrick of his suspension.  Except as

8  specifically admitted and/or averred to herein, Defendant denies each and every remaining

9  allegation set forth in Paragraph 5 of the Petition.

10            6.        Defendant denies that Ross grieved the unpaid suspension of Kirkpatrick on May

11  11, 2007, but avers that Ross submitted an untimely grievance under the CBA regarding the

12  same on May 23, 2007.  Defendant admits that the untimely May 23, 2007 grievance claimed the

13  unpaid disciplinary lay-off was unfair and requested Kirkpatrick to be reinstated to work and

14  awarded back pay.  Except as specifically admitted, denied and/or averred to herein, Defendant

15  denies each and every remaining allegation set forth in Paragraph 6 of the Petition.

16            7.        Defendant denies the allegations in Paragraph 7 of the Petition.

17            8.        Defendant denies the allegations in Paragraph 8 of the Petition.

18            9.        Defendant admits the allegations in Paragraph 9 of the Petition.

19            10.       Defendant admits that on or about May 17, 2007, Ross and Union President Ed

20  Cummins ("Cummins") met with Stradleigh and C&H Plant Manager Jim Dudley ("Dudley") for

21  a Labor Management Meeting.  Defendant denies that the Union requested to know why

22  Kirkpatrick was suspended without any written notice or explanation.  Defendant denies that

23  Stradleigh claimed he provided Kirkpatrick with a written notice and explanation, as well as

24  Kirkpatrick's supervisor, Maribel Peters.  Defendant denies that the Union requested a copy of

25  the alleged notice.  Defendant denies that Stradleigh refused to provide the Union with a copy of

26  the alleged notice.  Except as specifically admitted and/or denied to herein, Defendant denies

27  each and every remaining allegation set forth in Paragraph 10 of the Petition.

28

3

1      11.     Defendant admits that on or about May 23, 2007, the Union filed a purported

2  written grievance letter with Stradleigh.  Defendant avers that this May 23, 2007 grievance was

3  untimely under the grievance procedure in the CBA.  Defendant, however, has insufficient

4  information to admit or deny the allegation that the Union filed the grievance because

5  Kirkpatrick had not received back pay, and on that basis denies this allegation.  Defendant

6  admits that the Union's grievance letter claimed Kirkpatrick should receive back pay, but denies

7  that the Union also requested it be provided with a copy of the notice of suspension letter.

8  Defendant further avers that a true and correct copy of the Union's untimely May 23, 2007 letter

9  is attached as Exhibit 1.  Except as specifically admitted, denied, and/or averred to herein,

10  Defendant denies each and every remaining allegation set forth in Paragraph 11 of the Petition.

11      12.     Defendant denies the allegations in Paragraph 12 of the Petition.  Defendant avers

12  that it responded to the Union's untimely May 23, 2007 grievance by letter dated June 1, 2007.

13  Defendant avers that a true and correct copy of Stradleigh's June 1, 2007 letter is attached as

14  Exhibit 2.  Except as specifically denied, and/or averred to herein, Defendant denies each and

15  every remaining allegation set forth in Paragraph 12 of the Petition.

16      13.     Defendant admits that it received a letter dated May 31, 2007 asking that the

17  untimely grievance be moved to arbitration.  Defendant, however, avers that it responded to the

18  untimely request for arbitration by letter dated June 1, 2007.  Except as specifically admitted,

19  and/or averred to herein, Defendant denies each and every remaining allegation set forth in

20  Paragraph 13 of the Petition.

21      14.     Defendant admits that it sent the Union a letter dated June 1, 2007 refusing to

22  proceed to arbitration.  Defendant avers, however, that it refused to proceed to arbitration

23  because the Union's request for arbitration was procedurally defective and untimely under the

24  CBA.  Except as specifically admitted and/or averred to herein, Defendant denies each and every

25  remaining allegation set forth in Paragraph 14 of the Petition.

26      15.     Defendant admits that a dispute exists over the interpretation and/or application of

27  the CBA.  Defendant, however, denies the existence of a pending grievance for the unpaid

28  disciplinary lay off of Kirkpatrick, and further avers that such grievance would be procedurally

4

Defendant C&H Sugar Company, Inc.'s Answer to Petition to Compel Arbitration/
Case No. C 07-3310 EMC

1  defective and/or untimely under the CBA.  Except as specifically admitted and/or denied to

2  herein, Defendant denies each and every remaining allegation set forth in Paragraph 15 of the

3  Petition.

4        16.    Defendant admits that Section XX of the CBA includes a grievance procedure.

5  Defendant denies that the parties are bound to submit all disputes (*i.e.*, procedurally defective,

6  untimely and/or abandoned grievances) to an arbitrator empowered to make final and binding

7  decisions.  Except as specifically admitted and/or averred to herein, Defendant denies each and

8  every remaining allegation set forth in Paragraph 16 of the Petition.

9        17.    Defendant denies the allegations in Paragraph 17 of the Petition.  Defendant avers

10  that it has remained willing, ready and able to arbitrate matters that are procedurally compliant

11  and timely submitted.  Except as specifically denied and/or averred to herein, Defendant denies

12  each and every remaining allegation set forth in Paragraph 17 of the Petition.

13        **RESPONSE TO PLAINTIFF'S PRAYERS FOR RELIEF**

14        Defendant denies that Plaintiff should be awarded the relief sought in its Prayer for

15  Relief.

16        **AFFIRMATIVE DEFENSES**

17        **FIRST AFFIRMATIVE DEFENSE**

18        Plaintiff's Petition fails to state a claim upon which relief sought herein can be granted.

19        **SECOND AFFIRMATIVE DEFENSE**

20        Plaintiff, by its conduct, is estopped from compelling arbitration of untimely and/or

21  fraudulent grievances.

22        **THIRD AFFIRMATIVE DEFENSE**

23        To the extent Plaintiff makes allegations or claims that were not made the subject of a

24  procedurally compliant and/or timely grievance filed by Plaintiff as required by the CBA, any

25  arbitrator would lack jurisdiction with respect to any such allegations or claims.

26        **FOURTH AFFIRMATIVE DEFENSE**

27        Plaintiff's allegations are barred to the extent Plaintiff waived its rights to recover, if any.

28

Defendant C&H Sugar Company, Inc.'s Answer to Petition to Compel Arbitration/
Case No. C 07-3310 EMC

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's allegations are barred to the extent Plaintiff is guilty of unclean hands in connection with the allegations set forth in the Petition.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred to the extent there was any fraud regarding the alleged submission of the purported grievance.

## PRAYER FOR RELIEF

**NOW THEREFORE**, Defendant hereby respectfully requests the following relief:

1.    That this Court deny Plaintiff's claims and dismiss its Petition with prejudice;

2.    That Defendant be awarded its reasonable attorneys fees and costs incurred by Plaintiff's frivolous and fraudulent pursuit of this Petition, despite Defendant's request for dismissal; and

3.    That Defendant be awarded such other and further relief as the Court deems just and proper.

DATED: July 18, 2007                    SEYFARTH SHAW LLP

By _Jennifer Svanfeldt_
G. Daniel Newland
Jennifer P. Svanfeldt
Attorneys for Defendant
C&H SUGAR COMPANY, INC.

SF1 28288845.1 / 32900-000017

6

Defendant C&H Sugar Company, Inc.'s Answer to Petition to Compel Arbitration/
Case No. C 07-3310 EMC

# EXHIBIT 1

MAY-23-2007 03:48P FROM: SWU#1                15107871776              TO:7871791                P.2/2



**SUGAR
WORKERS
UNION
LOCAL**



641 Loring Avenue
P.O. Box 583
Crockett, CA 94525
(510) 787-1676
(510) 787-2788
FAX (510) 787-1776



C&H Sugar Company, Inc.
Human Resources
MAY 23 2007
RECEIVED

To:    Jim Dudley, Kyle Stradleigh
From: Lawrence Ross
Date:  May 23, 2007
Re:    Ted Kirkpatrick Suspension

As per the understanding in the Labor Relations Meeting on May 17, 2007 the Human
Resource Manager stated that Mr. Kirkpatrick was given a letter stating why he was
suspended. The Union stated that we needed to know why in order to grieve the matter in
accordance with the CBA time line. Mr. Dudley then stated that the time line would
begin as of May 17, 2007. Since that time Mr. Kirkpatrick has stated he has never seen
any letter or was told why he was suspended. His immediate foreman has not been
informed of any e-mail or note from Human Resources and upon asking Mr. Stradleigh
for a copy of this supposed note, he could not produce one for me and referred me back
to Mr. Kirkpatrick's immediate foreman. It appears that no letter exist because no
investigation took place since no violation was made. Therefore the Union Demands that
since the Company did not establish Just Cause for the suspension that Mr. Kirkpatrick
receive full back-pay for loss wages.

This grievance is to continue if not resolved up to and including arbitration.

# EXHIBIT 2

**MEMORANDUM**
Human Resources

 **C&H SUGAR COMPANY, INC.**

Kyle C. Stradleigh
Human Resources
Manager

TO:          **Lawrence Ross, Business Agent, SWU #1**

FROM:        Kyle Stradleigh

DATE:        June 1, 2007

SUBJECT:     Your memo dated May 31 re: Ted Kirkpatrick suspension

CC:          File
             Dept. Mgr.

830 Loring Ave
Crockett, CA 94525
www.chsugar.com

I am in receipt of your memo regarding the subject issue. Please refer to my response to your memo dated May 23, 2007.

In your recent memo dated May 31 you continue to misrepresent the fact. At no time has the Company been unwilling to resolve this matter. It is the SWU that has failed to follow the grievance procedures set forth in the CBA.

Your May 31, 2007 Demand for Arbitration is not ripe, as you have not followed the grievance process.

As such, and for all the reasons set forth in the Company's response to your May 23 memo, the Company is unable to recognize your demand for Arbitration.

P. 1

\* \* \* Memory TX Result Report ( Jun. 1. 2007 5:37PM ) \* \* \*

1)
2)

Date/Time: Jun. 1. 2007 5:36PM

| File No. | Mode | Destination | Pg(s) | Result | Page Not Sent |
|----------|------|-------------|-------|--------|---------------|
| 2076 | Memory TX | SWU LOCAL 1 | P. 1 | OK | |

---

Reason for error
E. 1) Hang up or line fail
E. 3) No answer
E. 5) Exceeded max. E-mail size

E. 2) Busy
E. 4) No facsimile connection

**MEMORANDUM**
Human Resources

**C&H SUGAR COMPANY, INC.**

Kyle C. Stradleigh
Human Resources
Manager

TO:        Lawrence Elum, Business Agent, SWU #1

FROM:   Kyle Stradleigh

DATE:    June 1, 2007

SUBJECT: Your memo dated May 31 re: Ted Kirkpatrick suspension

CC:         File
              Dept. Mgr.

830 Loring Ave
Crockett, CA 94525
www.chsugar.com

I am in receipt of your memo regarding the subject issue. Please refer to my response to your memo dated May 23, 2007.

In your recent memo dated May 31 you continue to misrepresent the fact. At no time has the Company been unwilling to resolve this matter. It is the SWU that has failed to follow the grievance procedures set forth in the CBA.

Your May 31, 2007 Demand for Arbitration is not ripe, as you have not followed the grievance process.

As such, and for all the reasons set forth in the Company's response to your May 23 memo, the Company is unable to recognize your demand for Arbitration.